The last item for today is 4121040. This is Lorenzo Davis for the phone. Is there anything else? Is that the last record, sir? Yes, sir. For the appellee, as David mentioned, Kimberley Rayperson. May it please the court. Counsel, my name is Darren Kimmel, and on behalf of the Office of the State Appellate Defender, I represent the appellant, Mr. Lorenzo Davis. Mr. Davis was arrested during a nighttime traffic stop with a small amount of crack cocaine and a cell phone. The police later went through the cell phone back at the station house and discovered a text message, which was a request for drugs. And that had arrived after the arrest occurred. The police then let Mr. Davis go with the cell phone, and the prosecutor then used an officer's memory of the text message against Mr. Davis at trial. This court should now reverse Mr. Davis's conviction for possession with intent to deliver for three reasons. First, this evidence was insufficient to prove the element of intent to deliver. Second, trial counsel was ineffective for failing to object to the admission of the officer's memory of the text message. And third, trial counsel was also ineffective for failing to move to suppress the text message. Turning to the first point, this evidence was insufficient to prove the element of intent to deliver. Our Supreme Court in People v. Robinson created a list of factors that apply in this type of case, where the amount of drugs found is small enough that it could be exclusively for personal use. The police officer who testified here explained that the 2.1 grams of crack cocaine that Mr. Davis possessed could have been exclusively for personal consumption. It was only when looking at other factors that he decided that this might have been for distribution. The amount of- Is there any reason why the jury couldn't consider that testimony? No, Your Honor, no reason why the jury considers all the testimony, but- And also, didn't your client say that he engaged in the soap crack cocaine? He did, Your Honor, he- Coupled with the testimony of the police officer testifying as an expert in the drug business, why isn't that sufficient for a jury to prove that he had possession of intent to deliver? Your Honor, he did not admit that he had intent to deliver this amount of drugs, and the officer testified that it's very common for drug users to occasionally sell drugs, as Mr. Davis stated that he does, to support his drug habit. It was in contention whether there was intent to sell these drugs. The fact that he has, in the past, sold drugs does not supply intent that the state has to prove for this particular sale. And this was a small amount of drugs. So our courts, following Robinson, have set out a minimum standard for these types of cases with a small amount of drugs, which is that there has to be, the drugs are packaged for sale, plus one additional factor indicating intent to deliver. That minimum standard was not met here. Counsel, what about the argument of the opposing side that drug dealers have modified their methods in response to drug prosecutions? And I mean, in this case, the officer testified that now, that is how they sell it, just a big chunk, and they break off some and distribute it that way.  I don't think so, Your Honor, unless we're going to find, essentially, that all people that have possessed drugs are then dealers. That would be the outcome. Even if the circumstances on the street have changed, that doesn't lower the burden on the state of what they have to prove. Well, in this instance, though, the time of night and the departure from his home and quantity, and then the officer's testimony, this would not be uncommon. Isn't that okay for the jury to start to be thinking that, you know, they would sit in a garage to do it if he doesn't want his wife to know about it. Why does he have to drive off in the middle of the night away from his home with that quantity in his pocket? He doesn't need that quantity to use it. I mean, if he knows he's going to go and use it in a private place so that nobody in the family knows that he's doing it, why would he take 21 doses? I don't have personal experience with this amount. The officer testified that that was the amount. None of us could. The officer testified. I'm just deferring to his testimony. He testified that that was an amount consistent with personal use. So I'll leave that to his expertise. But as far as why he took it all with him when he went out, Mr. Davis testified that he lived with a girlfriend and it was in her apartment. And that the neighbors were sort of watchful. So he didn't want to do it outside. I'm not sure there was a garage with this apartment building. But there was nowhere essentially for him to do it. And his girlfriend was watching him and didn't want him to be doing drugs. So he had to leave to do it. He's deciding whether or not he had possession of this with intent. However, why isn't the text message further support for the idea that that's why he has it? I think you're right. That definitely relates. He interviewed the defendant and tells him about this text message asking about purchasing a 30 or 40. And the defendant says he didn't remember that, claims he didn't get text messages with that kind of information. Why is he mentioning money on the information before the jury, suggesting, and hating the jury made an insulting decision that this guy is out there with intent to do it? I think it certainly adds an interesting wrinkle to the case. And if there had been a second text from Mr. Davis back to this unknown person agreeing to the sale, which one of the cases that the Robinson court relied on, there was a back and forth. I think that this would be a very different case. So you mean this could have been just a random text to this guy. Bad luck. He meant to send it to Fern Burfold. But it wound up going to this particular defendant, LaRosier Davis, who just so happened to have been arrested with cocaine. And he's just the world's luckiest man. It certainly could have been something as crazy as that. I don't think we have to go that far into speculation. This was an ask. It was a request. It doesn't go to Mr. Davis's intent. So the jury, is there any reason why the jury couldn't infer from the request that the unknown person making this request thought it was possibly something that might reach fruition? That is, you probably wouldn't be sending this randomly to people. You'd probably only send a request like this to someone who would understand it and maybe be able to complete the transaction, wouldn't you? You might do that. But you might also get a number from someone who got a number from somebody who had bought drugs from a guy once. And the numbers pass along. We're just speculating at this point. It seems to me all these concerns are entirely true. But just one more offensive to corroborate and support the other inference that he's a dealer, not just a personal user. And I think that's what the jury did here. I think they took this and they said, he's a drug dealer. The problem is the Elementary Court and our appellate courts have set a minimum standard that has to be met for these cases. And usually, sufficiency of the evidence challenges. I think these cases are all sui generis. And you're talking about what is the evidence before the trial court. I mean, I can't imagine the Supreme Court of Illinois or any other court saying, by the way, these are the precise facts that the trial bank must be confronted with. That's not what they're saying. But we do have cases that have rejected evidence that I would say is even more robust than this. In the motion to cite additional authority, we have two cases from the first district, Pupil v. Ellison and Pupil v. Clinton. Ellison, I think, has stronger facts in this case. And the appellate court said exactly what you're on. I was just paraphrasing that this isn't enough. You guys have to do better. Remember, Mr. Davis admitted possession. He would have pled guilty or he admitted that he was guilty of possession. The state overcharged the states. I think I'm going to do that since there he is with this hunched junk in his pocket. Sure. What was he going to say? This is some existential kind of argument about that? The point, Your Honor, is the state has discretion on how to charge these cases. And sometimes they go too far. And this is one of those cases. Mr. Davis had- To refresh my memory, Ellison, was there a confession or any statement by the defendant indicating that he sold drugs or sometimes sold drugs? I don't believe there was, Your Honor. But it's important to note that the drugs that actually were packaged for sale. And the defendant actually had multiple kinds of drugs. He had 3.1 grams of cocaine and he had about half a gram of heroin. And they were individually packaged for sale. Ellison is also helpful here because the court talks at length about cell phones and looks back at Robinson that was decided in 1995 and cell phones were relatively rare. Even then, Robinson talked about multiple cell phones. And so Ellison talks about this idea that if you just have one cell phone, what does that mean? And anymore, the First District said that just means that people like having cell phones. And the officer here testifies to that exact point at trial. But Ellison looks at the cases that Robinson relied on. And there's only one case there that involved a single cell phone in Robinson. And that case, as I mentioned a moment ago, dealt with an exchange between a defendant and a buyer where he set up a meet. And that's an active use of the phone to sell drugs. Here we have a passive request coming in. And without more, I think that's differentiated from that type of case because Mr. Davis, it would be the equivalent of him being arrested on one side of the street by plainclothes officers and a random person walking across the other side of the street and shouting out, Hey, could I buy some drugs from you? With nothing more. That's what this is. It's just a request. It doesn't go to Mr. Davis's intent. I think there is some inference there that maybe somebody thought maybe Mr. Davis was a person they could buy drugs from. But it's attenuated, and it's not enough on the standard laid down from Robinson in these cases, Ellison, Clinton, and this court's decision in Peeble v. Warren recently. It's not enough to satisfy that minimum standard. I know sufficiency of evidence arguments are not very easy to win on. It's a very high bar. But this is the exact type of case that Illinois courts have stated. There's this minimum threshold, and these facts don't cross that threshold. Even with Mr. Davis's admission that he occasionally sells drugs, it was still in dispute whether he had intent to sell these specific drugs. And his statement to the police was, he was asked, Were you there to make a serve? And he answered, No, that was my bag. That was my own personal stuff. It wasn't for sale. It wasn't for nobody. It was mine. He, throughout this trial, said that those were his drugs, and they were not for sale. So on these facts, this court should reverse the lower court for insufficient evidence. As far as the remedy goes on this argument, the state has argued that outright reversal, that this conviction should be reversed, but that the case should be remanded for a new sentencing hearing. We would agree to that remedy as an alternate remedy in this case. There's an odd procedural thing that happened here at trial. The court, the prosecution, put forward guilty verdicts on possession with intent to deliver or possession, and then a blanket not guilty form. And so Mr. Davis was not separately convicted of both possession with intent to deliver and possession. He was just convicted of possession with intent to deliver. So that was sort of an odd procedural wrinkle. But this court... Isn't that what IPI requires? I believe it is, Your Honor. So a lesser proven defense? I just wanted to mention that this court, I agree that this court, has the power to reduce and send for a new resentencing. Turning to the second point, trial counsel was ineffective for failing to object to the admission of the police officer's bare memory of the contents of this text message, and for a couple of reasons. On hearsay grounds, also on the best evidence rule, and on general foundation requirements. Those were all live bases for an objection that should have been sustained, and no objection came from trial counsel. Under the hearsay rule, no exception to the hearsay rule applies here, except perhaps the expert testimony exception. But that has some serious problems. There are a number of procedural hurdles that would need to be cleared for the trial court to accept, to adopt that exception. And here, where all the evidence essentially came down, the best evidence was this text message. The idea of dressing it up in an expert exception would have been a Trojan horse to bring in that substantive evidence, and that the trial court would have needed to rule that the probative value of using it for a non-hearsay purpose outweighed its possible misuse by the jury. There's a reasonable probability that the trial court would have kept that evidence out. And even if it came in under that exception, there would have been admonition to the jury to not consider it for its substantive purposes. So how does this argument work? The officer saw a text message, and the best evidence rule applies how? A text message is a document. No, it isn't. A text message, by definition, isn't a document. When you're looking at it on a phone. Isn't that kind of like watching a truck go by that says Burkle's Trucking Company on the side? Can an officer justify, I saw a truck go by that said Burkle's Trucking Company on the side. Is that a document too? Your Honor, the best evidence rule applies to any type of writing. So does it apply to the truck too? I would assume under my wide definition of just a document. No, it applies to documents. Specifically? Specifically on OMIC. People v. Cromick, the Illinois Appellate Court held that text messages are documents and general foundation rules apply to them. I believe that applies for the best evidence rule as well. It's not something that comes up very often. You learn about it in law school, you go forth, it doesn't happen too much. It applies in this case. I understand. I have no familiarity with it. There now is a means by which to post pictures, which could be a picture of a poster, a document, and that it only lasts for a brief period of time. You send it to me, but it's not like the picture that you then download and reproduce. It's one which disappears, apparently, into the cloud. Do you have any familiarity? Do you know what I'm talking about? I'm not sure about pictures, but as far as text messages generally and phone records, the phone companies maintain records of all their users' calls. This is something that goes away. Snapchat or something? Well, this is Photoscript. Obviously, our technological expertise is that there's something of a deficit here. But if there were, if there was a means by which you could send something, and then it would be gone, would police be obligated to come in to look for it in the cloud and try to find it? Well, I think there's a couple of kind of interrelated things here. So the LMI rules are out and say that computer printout is an original. So here we've got a phone, but if there's an ability to obtain a printout from the phone company, who remotely maintains all of your records for everyone's phones, even if you lost it on your phone, you can get it from the phone company. And that printout... Well, that's in theory. You have to try to get your SIM card reintroduced so they've kept all your addresses? No, but I don't have subpoena power, so it's a little easier for the prosecutor than it is for me. But the best evidence rule has a backdoor. You have to provide an original, or you have to show that that's impossible. And so if there was a situation where a picture or whatever means of communication you're on was referring to did in fact disappear from all sources, the prosecutor wouldn't be hamstrung. They would just have to show that that was the case. The point is that an objection here in this very short trial, it was a one-day, day-and-a-half trial, that it's pretty likely if an objection came in the midst of this trial that not only would that objection have been successful, but that the trial court would probably not have allowed a continuance for the prosecution to go subpoena the records from the phone company. And as Your Honor noted, that can take a while to get records back. This is an objection that should have happened and it would have been granted. It would have kept this evidence out. Okay. What if we disagree that this is a document to which this rule applies? Then this court will have a circuit split with, I believe it was, I don't recall if it was the First District. The Stromich Court held that a text message is a document? For purposes of admissibility and foundation, yes, Your Honor. It was not talking about the best evidence. Realist. Okay. Of course, then... You see, if they're not talking about the best evidence rule, then calling it a document is no longer a criminal harm because they can call it anything they want. But if the best evidence rule only applies to documents, then that would make a difference. I think under the... Was it an issue in Cromick? In Cromick, it was general foundational concerns. And I think it was the same analysis that would apply here, although the application was under general foundation instead of best evidence. Before we run out of time, I want to ask you about the Rodney v. California case. I know you're familiar with it. You raised that as an argument under conflict and assistance of counsel. Rodney v. California constituted the first definitive statement by the United States Supreme Court regarding cell phones and voting bookings and all that. And it seems to me that at a minimum, this constitutes an argument that this is a change in the law in the state of Oklahoma, or at least the first definitive statement. You're arguing that defense counsel should have foreseen this and made the argument and thereby preserved it. Is that correct? And it's fair to say it is so concerned in a conflict of assistance. It's not so far-reaching, Your Honor. It's that because there were other courts that had issued essentially the same decision in advance, the Ohio State Supreme Court, the Seventh Circuit had issued a decision that would control here if it had any It's that this was such a big deal that this issue is bubbling up all throughout the nation. Defense counsel, as a zealous advocate, should have raised the motion as present. Here's my question. Given that it's a change in the law of Illinois and the first definitive statement by the Supreme Court, is there any case that you're familiar that holds the failure of defense counsel to argue, to make a motion based upon a foreseeable change in the law, but not the current law, that constitutes an effective decision? I'm not aware of such a case. Would you be the first? I'm not aware that we would be the first. You're not aware of it, and I'm assuming you researched it, that we would be the first to solve it? I could not find any such cases. I would note that there's two bases for the motion to suppress. One was that this was not a search instance to arrest, because it was at the station house later in the night. That was a well-established basis in the law that did not need any further... Say again? That this was not a search incident to arrest, because it occurred later in the night at the station house. The police didn't look through the phone until later in the night away from Mr. Davis, and so that's an independent basis that is set out in the opening brief. By that, you mean they couldn't look through his wallet later on that night? No. Think of problems during the arrest? Not as a search instance to arrest, Your Honor. It could have been an inventory search. It could have been other searches. So you mean a search instance to an arrest of the personal belongings of the defendant has to be done at the time of arrest or they lose the opportunity to do it later? That is a holding of the U.S. Supreme Court as set out in the opening brief. In Riley? Not in Riley, Your Honor. There are a number of cases that have talked about cell phones being searched back at the station house after this case was decided. So I'm just not... I'm just wondering about a wallet. Cops have to search the wallet right then or can they take it back to the station house and search it later? If there's another exception to the warrant requirement, which often... No, no. Search instance to arrest.  to think it's a danger to the house's weapons, but they're curious about what's in his wallet. The only case the U.S. Supreme Court has upheld is a search instance to arrest back at the station house involved exigent circumstances. I don't remember... It's in the brief. I don't remember the case name where there were paint chips on the suspect's clothing and the court held that it was okay to search the clothes later on because they could have made the defendant strip naked in public on the spot incident to arrest because that would have been unfair and that there was evidence on the clothes that could have been destroyed later at his jail cell so it was okay to wait. Thank you, counsel. Do you have the opportunity to address this again, Mr. Manchin? Are you coming up, Mr. Manchin? Let me ask. I'm not sure I got a definitive response to Mr. Kimmel. Would we be the first court to say something? As far as... I'd like to think that one is I sent one case in my brief I believe it's Weindiger that says that counsel is not ineffective for failing to anticipate a change in the law. So you would in fact be the first one to say if you don't guess right about what  you're incompetent. Okay. Go ahead. And even if the counsel had guessed as far as rightly being issued they still have the problem of not knowing a good faith exception as far as getting the text message in anyway even under rightly. So I submit that the ineffective assistance of counsel claim should be rejected. First, the defendant raises a couple of evidentiary objections. An argument can be made either way that these exceptions apply. But in that second instance, it doesn't mean you're incompetent for not making the objection. It just means you made a choice or evaluated the evidence and said, okay, this best evidence rule doesn't apply. This doesn't seem to be hearsay to me. The fact that he was wrong in his evaluation is that a reasonable one a reasonable one. And the only foundation here that was needed to be established was the testimony of the officer. I saw the message and I remember the message and this is what it was. That's the only foundation you need. You don't need anything else. Counsel during the trial was the interview by Detective Daly, the defendant, was that played? I believe to my recollection it was. Was there a matter along the discussion of the text message that the defendant had received? Yes, he was asked about the text message and he made some sort of my recollection was he made some sort of deal drugs over using text messaging was his statement to the police when confronted with the can you give me a 30 or 40. He basically said I don't deal that way. I deal but I don't deal that way. So for whatever that statement is worth and the jury could believe it was not worth anything. Determination and credibility. With respect to the reasonable doubt claim this case is unique from all the cases cited by the defendant. He says the case law says you have to have packaging plus one other factor and then the cases go through each individual factor and Ellison in particular is bad about this. They go through each individual factor and say okay we could not find a single recorded case that relied upon this factor as a sufficient convict so we're not going to do it. They did that for everything. We don't find anything written so we're not going to do it. I don't think that's a proper standard for  court. We have to have X, Y and Z in every single case and if you don't have X, Y and Z in every single case you lose. That is not the standard. Here we have express testimony that dealers in this area are getting smart. They know what the court spoke for to try to avoid having some of those things to the extent they can. Here you have a guy in the middle of the night who is allegedly going miles from home without a driver's license to smoke this pot, to smoke this cocaine. It's been a long day. We're working on a marijuana case in the office at this time. We're              long day. We are going to smoke this pot. It's going to be a very long day. We are to  very long day. We